

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-20-00360-CV

———————————————

GARY RICHARDSON AND DOMONIQUE RICHARDSON, Appellants

V.

DAKA INVESTMENTS, LLC, Appellee

On Appeal from County Court at Law No. 1
Tarrant County, Texas
Trial Court No. 2020-004278-1

Before Birdwell, Kerr, and Bassel, JJ.
Per Curiam Memorandum Opinion

## MEMORANDUM OPINION

This is an appeal from a forcible entry and detainer proceeding. The county court at law awarded possession of the subject property to Appellee Daka Investments, LLC. Appellants Gary and Domonique Richardson, pro se, appeal the judgment of possession. We dismiss the appeal as moot.

Daka purchased the property at a foreclosure sale in January 2020. When the Richardsons failed to vacate the property, Daka initiated an eviction case in justice court. The justice court awarded possession to Daka, and the Richardsons appealed to county court at law.

Meanwhile, the Richardsons sued Daka in district court for fraud, an injunction against foreclosure, and other claims. The district court denied the Richardsons' request for a temporary restraining order, but that suit otherwise remains ongoing.

After a trial de novo, the county court at law awarded possession to Daka. The Richardsons appealed to this court for relief. They did not, however, supersede the judgment, and they were evicted while this appeal was pending.

The only issue in a forcible entry and detainer action is the right to actual possession of the property. *Coinmach Corp. v. Aspenwood Apt. Corp.*, 417 S.W.3d 909, 919 (Tex. 2013) (quoting *Marshall v. Hous. Auth. of City of San Antonio*, 198 S.W.3d 782, 785 (Tex. 2006)). "Such an action 'is intended to be a speedy, simple, and inexpensive means to obtain immediate possession of property.'" *Id.* (quoting *Marshall*, 198 S.W.3d at 787).

A case becomes moot when there ceases to be a justiciable controversy between the parties. *State ex rel. Best v. Harper*, 562 S.W.3d 1, 6 (Tex. 2018) (op. on reh'g). If a supersedeas bond is not filed, the judgment in a forcible entry and detainer action may be enforced and a writ of possession may be executed, evicting the defendant from the property. *Brigandi v. Am. Mortg. Inv. Partners Fund I Tr.*, No. 02-16-00444-CV, 2017 WL 1428726, at *3 (Tex. App.—Fort Worth Apr. 20, 2017, pet. dism'd) (per curiam) (mem. op.). The failure to supersede the judgment may render the appeal moot. *Id.* A forcible entry and detainer appeal becomes moot upon an appellant's eviction from the property unless the appellant asserts a potentially meritorious claim of right to current possession of the property or unless damages or attorney's fees remain at issue. *Gillespie v. Erker*, No. 02-20-00331-CV, 2021 WL 733084, at *1 (Tex. App.—Fort Worth Feb. 25, 2021, no pet.) (mem. op.).

The Richardsons concede that they are no longer in possession of the property. They failed to supersede the judgment, and a writ of possession was issued and executed. Damages and attorney's fees are not before us. Thus, the only question that stands between this case and mootness is whether the Richardsons have asserted a potentially meritorious claim of right to current possession of the property. We conclude that they have not.

Many of the Richardsons' claims on appeal concern the county court at law's refusal to stay the writ of possession pending the outcome of their suit in district court.[1] However, the Texas Property Code generally prohibited the county court at law from granting such a stay in the absence of a supersedeas bond: "A judgment of a county court may not under any circumstances be stayed pending appeal unless, within 10 days of the signing of the judgment, the appellant files a supersedeas bond in an amount set by the county court." Tex. Prop. Code Ann. § 24.007; *Mitchell v. Wilmington Sav. Funds Soc'y, FSB*, No. 02-18-00089-CV, 2018 WL 4626396, at *1 (Tex. App.—Fort Worth Sept. 27, 2018, no pet.) (mem. op.). And on appeal, the Richardsons do not contend that the Texas Supreme Court's emergency orders[2] or the Centers for Disease Control and Prevention's moratorium on evictions[3] should have had a staying effect on this case.

Other of the Richardsons' arguments concern the county court at law's purported refusal to grant a temporary restraining order, a permanent injunction, or a

---

[1]For instance, the Richardsons contend, "The court should have stayed any writ since the appellant could die if the writ is executed. Any mortgage which did exist and any judgment seeking to compel the appellants from their home is void as illegal since it would constitute murder of the appellants."

[2]*See* Fifteenth Emergency Order Regarding COVID-19 State of Disaster, 609 S.W.3d 119, ¶2 (Tex. 2020) ("Beginning May 19, 2020, eviction proceedings may resume and deadlines are no longer tolled, and beginning May 26, 2020, warnings may be posted and writs of possession may be executed.").

[3]Temporary Halt in Residential Evictions to Prevent the Further Spread of COVID-19, 86 FR 8020-01 (Feb. 3, 2021); Temporary Halt in Residential Evictions To Prevent the Further Spread of COVID-19, 85 FR 55292-01 (Sept. 4, 2020).

temporary injunction to bar the foreclosure sale.[4] None of these contentions save the case from mootness. First, the grant or denial of a temporary restraining order is generally not appealable. *Westbrook v. Fondren*, No. 2-09-173-CV, 2009 WL 2914311, at *2 (Tex. App.—Fort Worth Sept. 10, 2009, no pet.) (per curiam) (mem. op.) (combined appeal & orig. proceeding); *see In re Tex. Nat. Res. Conservation Comm'n*, 85 S.W.3d 201, 205 (Tex. 2002) (orig. proceeding). Second, to the extent that the Richardsons attempted to raise a counterclaim for permanent injunctive relief in this suit, "[c]ounterclaims . . . are not permitted in eviction cases." Tex. R. Civ. P. 510.3(e). Third, the sole basis that the Richardsons pleaded for a temporary injunction was that, in light of the COVID-19 pandemic, force majeure should have excused them from making mortgage payments, and thus the resulting foreclosure sale was void. However, this argument goes to the propriety of the foreclosure sale rather than the issue of possession, and it is thus beyond the scope of this appeal.[5] *See Coinmach*, 417 S.W.3d at 919.

---

[4]It appears that the Richardsons attempted to pursue these forms of relief in the "appellate brief" that they filed with the county court at law. In that brief, the Richardsons discussed the law applicable to temporary restraining orders and temporary injunctions, and they attempted to incorporate by reference the entirety of their petition before the district court, in which the Richardsons requested these forms of relief.

[5]Even assuming for the sake of argument that this force majeure argument went to the issue of possession, the Richardsons concede that there is no force majeure clause in the deed, and "force majeure clauses are now, for the most part, creatures of contract. Their meaning and scope are dependent upon the meaning and scope assigned by the parties via their agreement." *Sun Operating L.P. v. Holt*, 984 S.W.2d 277, 289 (Tex. App.—Amarillo 1998, pet. denied). The party seeking to excuse its performance under a contractual force majeure clause bears the burden of proof to establish that defense. *Va. Power Energy Mktg., Inc. v. Apache Corp.*, 297 S.W.3d 397, 402 (Tex. App.—Houston

Also beyond the limited purview of this appeal are the Richardsons' remaining arguments, all of which revolve around Daka's right to title and the propriety of the foreclosure sale.[6] "It is axiomatic that the only issue litigated in [a forcible entry and detainer] action is the superior right to actual and immediate possession. Title should not be litigated." *Martinez v. Cerberus SFR Holdings, L.P.*, No. 02-19-00076-CV, 2019 WL 5996984, at *2 (Tex. App.—Fort Worth Nov. 14, 2019, pet. denied) (mem. op.). "The arena to challenge the propriety of a foreclosure is not in [a forcible entry and detainer] suit but in a separate suit for wrongful foreclosure or to set aside a substitute

---

[14th Dist.] 2009, pet. denied). In the absence of any clause that would excuse the Richardsons' failure to perform, they have not demonstrated the "probable right to the relief sought" that is required for a temporary injunction. *See Abbott v. Anti-Defamation League Austin, Sw., & Texoma Regions*, 610 S.W.3d 911, 916 (Tex. 2020).

[6]The Richardsons urged that the foreclosure sale was void for a variety of reasons:

- because the lender did not exist;
- because the underlying mortgage had already been paid off;
- because the Richardsons did not receive proper notice of the foreclosure sale;
- because they were deceived by the loan servicer and falsely led to believe that they could obtain a modification of their loan;
- because the Texas Business and Commerce Code excuses performance when performance becomes impracticable due to certain contingencies;
- because the deed was separated from the note when it was securitized and thus somehow stripped of force; and
- because the Richardsons are on the verge of obtaining a default judgment in their district court suit (though the district court's docket sheet reflects that it recently denied default judgment).

trustee's deed." *Id.* at *3. A plaintiff in a forcible entry and detainer action is not required to prove title but is only required to show sufficient evidence of ownership to demonstrate a superior right to immediate possession. *Id.* "Under well-settled law, a deed of trust that establishes a landlord–tenant relationship between the borrower and the purchaser of the property at the foreclosure sale demonstrates such a superior right to possession." *Id.* (cleaned up). Daka proffered the original deed of trust for the property, a substitute trustee's deed reflecting that Daka purchased the property at a foreclosure sale, and a notice to vacate. The Richardsons' arguments concerning title and wrongful foreclosure do nothing to disturb this evidence of Daka's right to possession. *See id.*

The Richardsons have not asserted a potentially meritorious claim as to possession of the property. Because no present controversy exists between the parties, we dismiss the appeal as moot.[7] *Wilson v. Bluffs at Paradise Creek*, No. 02-14-00196-CV, 2015 WL 9598921, at *1 (Tex. App.—Fort Worth Dec. 31, 2015, pet. dism'd w.o.j.) (per curiam) (mem. op.); *see* Tex. R. App. P. 42.3(a), 43.2(f).

Per Curiam

Delivered: October 7, 2021

---

[7]The Richardsons also filed with this court a motion to stay the eviction. We deny the motion.

7